UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNIE RICO,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | No. 2:26-cv-1907 TLN AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is appearing in pro se and in forma pauperis in this Social Security action, which is now before the court on the Commissioner of Social Security's ("Commissioner") motion to dismiss for failure to exhaust administrative remedies. ECF No. 13. Also pending are plaintiff's motion for leave to add new monetary damages (ECF No. 9), plaintiff's motion for an extension of time (ECF No. 14), and plaintiff's motion for a preliminary injunction (ECF No. 15). Upon review of the motions and all related documents, the undersigned recommends that the Commissioner's motion be GRANTED, that each of plaintiff's motions be DENIED as MOOT.

## I. Background

Plaintiff applied for supplemental security income (SSI) and disability benefits (SSDI). The Commissioner sent plaintiff a letter dated October 7, 2025, saying it had denied his application for SSI. ECF No. 8 at 11 (plaintiff's exhibits). The letter explained that if plaintiff wanted to appeal, he needed to request a hearing with an administrative law judge. Id. at 11-12.

Plaintiff also received a denial of his application for SSDI. Id. at 15. Again, this letter explained that the next step in the appeals process would be to request a hearing before an administrative law judge. Id. at 15-16. Christianne Voegele, Chief of Court Case Preparation and Review Branch 1 of the Office of Disability Adjudication, Social Security Administration, declared that as of July 7, 2026, there was "no indication of an Administrative Law Judge decision or dismissal, or a request for review before the Appeals Council, relating to the Plaintiff under Title II or XVI of the Social Security Act, closed, pending, or otherwise." Voegele Dec. at 2 ¶ 3(a).

Instead of seeking a hearing with the Agency as directed in the letters, plaintiff filed this suit in federal court on May 22, 2026. ECF No. 1. The complaint states that this case is brought pursuant to 42 U.S.C. 405(g), but plaintiff also alleges a violation of his 5th Amendment rights, 14th Amendment rights, defamation, and a violation of the Rehabilitation Act. Id. at 4. In the body of his Complaint, plaintiff states that he applied for SSI and SSDI on October 21, 2023, and his applications were denied initially and denied on administrative appeal. Id. at 5. Plaintiff asserts he exhausted his administrative remedies and now asks the court to reverse and remand the decision of the Commissioner. Id. Plaintiff asks the court to require the Commissioner to award him benefits, and also to award money damages for psychological suffering. Id. at 6.

## II. The Motion

The Commissioner moves to dismiss this case because plaintiff failed to exhaust his administrative remedies by obtaining a hearing before an Administrative Law Judge before taking his case to federal court. ECF No. 13 at 3. Plaintiff opposes the motion, arguing that his claims are brought pursuant to the 5th and 14th Amendments. ECF No. 16 at 1. Plaintiff asserts that he exhausted his administrative remedies because he received denials of his administrative appeals. Id. at 5.

Plaintiff also filed several motions. ECF Nos. 9, 14, 15. Because, as explained below, the undersigned agrees with the Commissioner that plaintiff has not exhausted his administrative remedies and that this case is not properly in federal court at this time, the undersigned does not address plaintiff's motions substantively but instead recommends they each be DENIED as MOOT.

## III. Analysis

A. Legal Standard

Dismissal is required under Rule 12(b)(6) when a plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court is not required to accept unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations. Twombly, 550 U.S. at 553-556. On a motion to dismiss, a court may consider undisputed facts subject to judicial notice, including materials not attached to the complaint "if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." Lee v. City of Los Angeles, 350 F.3d 668, 688 (9th Cir. 2001) (citation omitted).

B. Administrative Exhaustion

The Social Security Act permits judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); Califano v. Sanders, 430 U.S. 99, 108 (1977). This remedy is exclusive and must be strictly construed. See 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal or governmental agency except as herein provided."); United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) ("The Government's consent to be sued 'must be construed strictly in favor of the sovereign.'") (citation omitted). Although the term "final decision" is not defined in the Social Security Act, the Commissioner's regulations provide a four-step process of administrative review that results in a final decision. Specifically, a claimant must: (1) receive an initial determination of his right to benefits; (2) request reconsideration of the initial determination; (3) request and obtain a hearing decision by an administrative law judge (ALJ); and (4) request Appeals Council review of the ALJ's decision. See 20 C.F.R. §§ 404.900(a), 416.1400(a).

Judicial review is available only when the Commissioner issues a final decision after a hearing to which the claimant was a party. 42 U.S.C. § 405(g). See, e.g., Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1993) (dismissing case for lack of jurisdiction where there was no hearing). When a claimant has not exhausted administrative appeals as required to obtain a final decision, the complaint must be dismissed. Heckler v. Ringer, 466 U.S. 602, 618-19 (1984); Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989). Furthermore, the remedy provided by 405(g) is exclusive; there is no alternative federal question jurisdiction for social security disability benefit claims. 42 U.S.C. § 405(h); Ringer, 466 U.S. 602 (1984); Mathews v. Eldridge, 424 U.S. 323, 327 (1976); Weinberger v. Salfi, 422 U.S. 749, 756-57 (1975).

C. Plaintiff Did Not Exhaust Administrative Remedies

Plaintiff did not exhaust his administrative remedies because he has not obtained review by an Administrative Law Judge or the Appeals Council. Voegele Dec. at 2 ¶ 3(a). Judicial review in federal court is available only when the Commissioner issues a final decision after a hearing to which the claimant was a party. 42 U.S.C. § 405(g). Because plaintiff has not exhausted his administrative remedies, there is no final decision ripe for judicial review. 20 C.F.R §§ 404.900(a)(5), 416.1400(a)(5). Accordingly, plaintiff's claim against the Commissioner must be dismissed for failure to state a claim upon which relief can be granted. See Ringer, 466 U.S. at 617-19 (dismissal appropriate because of failure to exhaust); Subia v. Commissioner of Social Security, 264 F.3d 899, 902 (9th Cir. 2001) (same); Bass, 872 F.2d at 833 ("A claimant's failure to exhaust the procedures set forth in the Social Security Act deprives the district court of jurisdiction.").

It is true that courts have recognized a limited exception to the administrative exhaustion requirement if a plaintiff presents a "colorable" constitutional claim. See Subia, 264 F.3d at 902 ("We may waive Subia's failure to exhaust her remedies and grant her judicial review if she asserts colorable constitutional claims"). "A constitutional claim is colorable if it is not 'wholly insubstantial, immaterial, or frivolous.'" Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008). Here, plaintiff alleges violations of the Fifth and Fourteenth Amendments, as well as other miscellaneous causes of action, but none of these claims are colorable because they are simply

challenges to the Commissioner's benefits decision couched in other terms. The Ninth Circuit has long held that tort claims stemming from benefit denials are "'merely a disguised dispute with the [Commissioner]' and therefore . . . barred by 42 U.S.C. § 405(h)." Hooker v. U.S. Dep't of Health & Hum. Servs., 858 F.2d 525, 530 (9th Cir. 1988) (quoting Ellis v. Blum, 643 F.2d 68, 76 (2d Cir. 1981)). Alternative challenges to an underlying denial of an application for benefits is barred by statute. Hooker, 858 F.2d at 530. Here, all of plaintiff's claims are both conclusory and grounded in the Commissioner's denial of benefits; there are no colorable constitutional claims or independent tort claims. Hoye, 985 F.2d at 992. Because plaintiff has not exhausted his administrative remedies, the undersigned recommends the complaint be DISMISSED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that defendant's motion to dismiss be granted because you did not exhaust your administrative remedies before filing suit in federal court. You made it about halfway through the process. When you apply for benefits and your initial application and appeal are both denied, you need to request a hearing with an Administrative Law Judge ("ALJ") before coming to federal court. When a federal judge reviews a social security decision, the judge looks at the ALJ's decision to figure out whether the ALJ made a mistake. Here, there is no ALJ decision for the federal court to review, so this case cannot move forward. Also, you cannot get a denial of social security benefits reversed by bringing other legal claims. You need to go through the administrative process. If you disagree with this recommendation, you may file objections within 21 days. The District Judge will make the final decision.

## V. Conclusion

The court hereby RECOMMENDED that the Commissioner's motion to dismiss (ECF No. 13) be GRANTED; and that plaintiff's motions (ECF Nos. 9,14, 15) be DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 17, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE